ON PETITION FOR REVIEW OF NON-FINAL ORDER OF THE DEPARTMENT OF TRANSPORTATION
PER CURIAM.
Petitioner seeks review of a nonfi-nal order of the Department of Transportation, notifying petitioner that the department will treat petitioner’s nonconforming semitrailers as nonlicensed, pending administrative proceedings arising from the department’s decision not to renew petitioner’s permits to operate. We find that the department’s decision is preliminary agency action, review of which after final agency action would be inadequate. Section 120.68(1), Fla.Stat., Fla.R.App.P. 9.100.[1]
In October, 1983, petitioner received special permits pursuant to § 316.550 to oper *743 ate 100 semitrailers in excess of the 48-foot maximum length allowed by § 316.-515(3), (6). The permits expired and were renewed for another year in October 1984. Prior to the permits’ expiration in October 1985, petitioners filed a timely application for renewal and the department notified petitioner that the application would be denied. The notification letter informed petitioner of its right to request a hearing pursuant to § 120.57. The letter went on to provide:
This is not a question of automatic renewal of a license since strict statutory guidelines apply to the authorization of the permit. Therefore, the Department does not consider Section 120.60(6), Florida Statutes, to be applicable.
[[Image here]]
... the unregistered trailers will be considered to have expired permits and be nonpermitted trailers and normal enforcement will be pursued effective Monday, October 21, 1985.
Section 120.60(6). Fla.Stat. (1984 Supp.), provides:
(6) When a licensee has made timely and sufficient application for the renewal of a license which does not automatically expire by statute, the existing license shall not expire until the application has been finally acted upon by the agency or, in case the application is denied or the terms of the license are limited, until the last day for seeking review of the agency order or a later date fixed by order of the reviewing court.
The department argues first that petitioners’ application for renewal failed to meet the sufficiency requirement of § 120.-60(6) because the application was for vehicles which admittedly did not meet the requirements of § 316.515. Since the application was for renewal of permits issued pursuant to § 316.550, this argument is patently without merit.
Second, the department argues that § 120.60(6) does not apply because the permits expired automatically at the end of 12 months pursuant to § 316.550. However, that section provides that the department may issue permits for nonconforming vehicles “for not more than 36 months.”
Because petitioner sought renewal of permits which, under a construction most favorable to the department, expired after 24 months, it cannot be said that in this case the 36-month provision in § 316.-550 was an automatic statutory expiration depriving petitioner of the protection of § 120.60(6). We therefore do not reach the question of whether the 36-month cap provided in § 316.550 constitutes an automatic expiration of a license for purposes of § 120.60(6).
Because we find § 120.60(6) clearly applicable under the circumstances of this case, that portion of the department’s preliminary order purporting to hold otherwise is vacated.
ERVIN, SMITH and NIMMONS, JJ., concur.

. The department's decision would effectively preclude petitioner from operating nonconforming vehicles in this state, resulting in economic deprivation which would not necessarily be recoverable in the event petitioner is ultimately successful in its administrative challenge.