677 So.2d 61 (1996)
Lowell K. CUNNINGHAM, M.D., Petitioner,
v.
AGENCY FOR HEALTH CARE ADMINISTRATION, Respondent.
No. 96-1200.
District Court of Appeal of Florida, First District.
July 15, 1996.
Samantha D. Boge of Stowell, Anton and Kraemer, Tallahassee, for Petitioner.
Francesca Plendl and Kathryn L. Kasprzak, Senior Attorneys, Agency for Health Care Administration, Tallahassee, for Respondent.
ERVIN, Judge.
Dr. Lowell Cunningham petitions this court for a writ of certiorari, contending that by suspending his license to practice psychiatry by emergency order, the Agency for Health Care Administration exceeded that which was necessary to protect the public interest. We construe his petition as a direct appeal of an emergency order and, because the order is too broad, we reverse in part and remand.
As an initial point, we review the emergency order pursuant to section 120.68(1), Florida Statutes (1995), which authorizes immediate review of an intermediate agency order if review of the final order would not provide an adequate remedy. We consider that the disruption of Dr. Cunningham's practice and potential harm to his patients might not be rectified if he were to ultimately prevail in the pending disciplinary proceeding. See, e.g., National Freight, Inc. v. Department of Transp., 483 So.2d 742 (Fla. 1st DCA 1986); Witmer v. Department of Business & Professional Reg., 631 So.2d 338 (Fla. 4th DCA 1994).
As to the merits of the appeal, the agency suspended Dr. Cunningham's license based upon evidence that he had prescribed an excessive and unwarranted amount of narcotic medications to three patients. An agency is authorized to order emergency suspension of a professional license if it finds "that an immediate danger to the public health, safety, or welfare requires emergency action," so long as the agency takes "only that action necessary to protect the public interest under the emergency procedure." §§ 120.60(8) & 120.54(9), Fla. Stat. (1995). Under this standard, Dr. Cunningham need be prevented only from prescribing narcotics and from treating the three patients named *62 in the order, until his disciplinary proceeding has been completed.
The agency's expert opined that Dr. Cunningham had unjustifiably overprescribed controlled substances to one patient. There was, however, no evidence that Dr. Cunningham was engaged in any kind of inappropriate or inadequate counseling of his patients. The agency's three concernsthat Dr. Cunningham is engaged in a criminal enterprise, possesses a dangerous lack of medical knowledge, or is unable to deny a patient who requests increasing amounts of drugscan all be addressed by a more narrowly tailored emergency order. We therefore affirm the agency's emergency order insofar as it bars Dr. Cunningham from the practice of psychiatry in treating the three patients at issue and from prescribing narcotic medications. We reverse the order insofar as it exceeds these conditions. Our reversal and remand does not, of course, preclude the agency from revoking or suspending Dr. Cunningham's license to practice psychiatry if the allegations against him are proved.
AFFIRMED IN PART, REVERSED IN PART and REMANDED for further proceedings consistent with this opinion.
DAVIS, J., and SMITH, Senior Judge, concur.