WOLF, C.J.
Preferred R.V., Inc. files a petition for writ of certiorari to review a non-final emergency order of the Department of Highway Safety and Motor Vehicles (Department) suspending petitioner’s business license. Petitioner raises a number of issues, one of which we find dispositive. The challenged order does not explain why less harsh remedies such as probation, a fine, or notice of non-compliance would be insufficient to stop the alleged harm that the Department seeks to prevent. We therefore grant the petition and quash the order of the Department.
The petitioner, Preferred R.V., is a recreational vehicle dealer who was licensed by the Department under chapter 320, Florida Statutes. On July 25, 2003, the Department served the petitioner with an administrative complaint and order of emergency suspension of its recreational vehicle dealer license pursuant to section 120.60(6), Florida Statutes. Without a hearing, the Department ordered the petitioner to “cease and desist from the sale of or offer to sell recreational vehicles” and to “surrender its license and all dealer temporary tags in its possession.”
The administrative complaint alleges twenty violations which occurred in transactions with nine individuals or families:
*714 nine violations of section 319.23(6) for failure to file the application for a certificate of title within 30 days from delivery of the vehicle to the purchaser;
seven violations of section 319.24(5)(a) for failure of the motor vehicle dealer acquiring ownership of a motor vehicle with an outstanding purchase money lien to satisfy the outstanding lien within ten working days of acquiring ownership; two violations of section 319.131(2) for issuing more than two temporary tags to the same person for the same vehicle;[1] two violations of rule 15C-1.003 for failure to provide a license plate or registration to replace a temporary tag within 30 days from the day of issuance of the temporary tag.
The order states that the petitioner’s “continued activity as a recreational vehicle dealer constitutes an immediate, serious danger to the public health, safety, and welfare, because of continued proscribed activity requiring the emergency suspension of [Preferred R.V.’s] recreational vehicle dealer license....”[2]
In Premier Travel Int’l, Inc. v. State, Dep’t of Agric. & Consumer Servs., 849 So.2d 1132 (Fla. 1st DCA 2003), we held that three agency emergency orders were facially insufficient for 1) failure to sufficiently allege that the complained of conduct was of a nature that was likely to continue; 2) failure to demonstrate the necessity of the emergency orders; and 3) failure to demonstrate that such a drastic remedy was the only way to avoid future harm (i.e., failure to show that the orders were sufficiently narrowly tailored to be fair). In addition, all the factual allegations and elements necessary to determine the validity of the emergency order must appear on the face of the order. See Witmer v. Dep’t of Bus. & Prof'l Regulation, Div. of Pari-Mutuel Wagering, 631 So.2d 338, 341 (Fla. 4th DCA 1994) (citing Commercial Consultants Corp. v. Dept’s of Bus. Regulation, 363 So.2d 1162, 1164 (Fla. 1st DCA 1978) (concerning an order to cease and desist)); see also Anderson v. Dep’t of Health & Rehab. Servs., 482 So.2d 491 (Fla. 1st DCA 1986) (concerning an order suspending a license). Specifically, emergency orders revoking a license to conduct business must explain why less harsh remedies, such as probation, a fine, or a notice of noncompliance would have been insufficient to stop the harm alleged. Premier Travel, 849 So.2d at 1132.
The emergency order in the instant case does not explain whether other remedies were tried and failed or why other remedies available to the Department would not take care of the public concern.[3] Absent these factual allegations we are required by our prior holding in Premier Travel to quash the emergency order of the Department.
PADOVANO and POLSTON, JJ., concur.

. We note that section 319.131(2) does not exist in Florida Statutes. It appears the correct statute for that violation is 320.131(2).

. The order of emergency suspension was stayed by an order of this court on August 15, 2002, pending final disposition of this proceeding.

. The Department argues that because two of the vehicles in question still have outstanding liens, it is apparent that suspension of petitioner’s business license is the only available remedy. Absent factual allegations concerning what actions the Department has taken prior to the issuance of the emergency order, however, it is not readily apparent that immediate suspension of appellant's business license is the only adequate remedy available.