KAHN, J.
Petitioners, International Truck and Engine Corp. (ITEC) and Ward International Trucks, Inc. (Ward), seek review of a Department of Highway Safety and Motor Vehicles (DHSMV) non-final order abating further action on administrative causes of action filed by both the petitioners and respondents in this case. We have jurisdiction to review non-final administrative orders where “review of the final agency action would not provide an adequate remedy.” See § 120.68(1), Fla. Stat. (2001); Fla. R.App. P. 9.190(b)(2). For the reasons stated below, we quash the challenged order and remand for further proceedings.

Background,

In March 2001, ITEC and Ward entered into an agreement giving Ward franchise rights to sell and service International trucks in Tallahassee. At that time, Respondent, Capital Truck, Inc. (Capital), through its principals, Michael Pitts and Mark Thomas, claimed ownership of ITEC franchise rights in Tallahassee. For purposes of this opinion, we need not discuss the complicated factual background of Capital’s claim.
In order to bring its franchise rights into fruition, Ward needed to obtain a dealership license from DHSMV. ITEC recognized that under section 320.642(8), Florida Statutes (2001), “An existing franchised motor vehicle dealer or dealers [meeting certain geographical conditions] shall have standing to protest a proposed additional or relocated motor vehicle dealer where the existing motor vehicle dealer or dealers have a franchise agreement for the same line-make vehicle to be sold by the proposed additional or relocated motor vehicle dealer.... ” Accordingly, ITEC filed an action for declaratory relief in Leon County Circuit Court on April 19, 2002. ITEC sought a ruling that Capital held no ITEC franchise rights. A week later, ITEC also filed a verified complaint with DHSMV essentially seeking an agency statement to the same effect.
In January 2003, ITEC filed a Notice of Intent to establish Ward as its Tallahassee dealership. DHSMV entered a final order awarding Ward a license on February 4, 2003. Shortly thereafter, Capital filed a “Petition or Complaint Protesting Establishment of Dealership.” In turn, DHSMV vacated the final order awarding Ward a license and referred Capital’s action to the Division of Administrative Hearings where Administrative Law Judge Barbara Staros (ALJ) consolidated the action with ITEC’s pending matter. Without objection, both administrative actions were held in abeyance pending the outcome of the circuit court declaratory relief action.
On May 19, 2003, the circuit court entered an order finding that Capital “is not entitled to any rights and privileges ... as a dealer that is the holder of a motor vehicle franchise.” The order thus extinguished any rights claimed by Capital under section 320.642(3). After the circuit court order, ITEC sought a summary final order in the consolidated administrative cases. Additionally, Ward filed a motion asking the ALJ to remand the case to DHSMV for entry of a final order dismissing Capital’s complaint. Capital filed a response to ITEC’s and Ward’s motions requesting that the actions remain abated *374 pending the disposition of its appeal of the circuit court summary judgment.
On June 16,- 2003, the ALJ issued an order closing the case files and relinquishing jurisdiction to DHSMV. After noting that each of the parties had filed pleadings which acknowledged that resolution of the circuit court case would resolve the issues in the administrative cases, the ALJ’s order concluded:
Having reviewed the Final Summary Declaratory Judgment, the motions and responses of the parties, and it appearing that the Circuit Court, by exercising its concurrent jurisdiction, disposed of the issues herein, it is
ORDERED:
That jurisdiction is relinquished in the above styled cases to the Department of Highway Safety and Motor Vehicles for appropriate disposition and the files of the Division of Administrative Hearings are closed.
Capital filed exceptions to the ALJ’s order on June 24, 2003, which were followed by ITEC’s response on July 2, 2003. On July 25, 2003, ITEC filed a Motion for Expedited Final Order citing lost business opportunities. Finally, DHSMV entered the order now on review, finding that further action would not be appropriate until the disposition of Capital’s appeal to this court. DHSMV’s order contained no findings of fact or statements of law or policy supporting its conclusion that it would not be appropriate to rule on the parties’ consolidated cases.

Analysis

ITEC and Ward filed their petition for review in this ease pursuant to section 120.68(1), Florida Statutes (2003). Generally, an appellate court’s scope of review in such a case “is analogous to and no broader than the right of review by common law writ of certiorari.” Eight Hundred, Inc. v. Dep’t of Rev., 837 So.2d 574, 575 (Fla. 1st DCA 2003) (quoting Charlotte County v. Gen. Dev. Utils., Inc., 653 So.2d 1081, 1084 (Fla. 1st DCA 1995)). Under that standard, the petitioners would have to show that DHSMV departed from the essential requirements of law, thereby causing irreparable harm that could not be remedied on appeal of DHSMV’s final order. See id. However, “the appellate courts are free to disagree with an agency on a point of law.” Id. Where the agency’s action is founded upon an erroneous interpretation of the law, the appellate court may set that action aside. See id.
Section 120.68(7)(d) directs reviewing courts to set aside agency action or remand for further proceedings where the agency act is “[o]utside the range of discretion delegated to the agency by law” or violates a “constitutional or statutory provision.” An agency action that is arbitrary stands outside the range of discretion delegated to the agency for purposes of review under section 120.68. As this court has stated, “[T]he general rule in Florida [is] that an agency’s exercise of delegated legislative authority will not be disturbed on appeal unless shown by a preponderance of the evidence to be arbitrary, capricious, or an abuse of administrative discretion.” Island Harbor Beach Club, Ltd. v. Dep’t of Natural Res., 495 So.2d 209, 218 (Fla. 1st DCA 1986). The question we thus face is whether the DHSMV order abating the action exceeded the agency’s discretion or was arbitrary.
The sole finding, if it can be characterized as such, by DHSMV here was that abatement would be “appropriate ... pending the decision of the First District Court of Appeal.” This action came in the face of an order issued by the ALJ that can only be viewed as reflecting the ALJ’s conclusion that the final summary declaratory judgment entered by the circuit court *375 resolved any issue between the parties then pending for administrative determination. As ITEC had stated in an unopposed motion previously filed before the ALJ, “[R]esolution of the Leon County action will resolve the issues in this administrative action.” For that reason, the ALJ had, upon the agreement of the parties, held the administrative matters in abeyance pending the outcome of the circuit court case. Consistently, the ALJ determined, after the judgment in the circuit court action, that the DOAH file should be closed, there being no issue remaining for resolution.
As a reason for abating the action, rather than concluding the action, DHSMV noted the pending appeal before this court. In our view, however, DHSMV completely overlooked the fact that at no point had respondents sought a stay of the circuit court order. Because 'the only operative effect of the circuit court order would be to allow ITEC and Ward to move forward with their plan to establish Ward as ITEC’s Tallahassee dealer, the effect of DHSMV’s action here is to grant a stay to respondents. Respondents have not, however, complied with Florida Rule of Appellate Procedure 9.310(a) requiring that “a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief.” The appeal to this court notwithstanding, until the circuit court or this court imposes a stay on the circuit court’s final order, that order is in effect, and controls. See, e.g., Greenberg v. Carlisle, 481 So.2d 106 (Fla. 4th DCA 1986). Accordingly, a Florida judgment in a separate maintenance action is enforceable in another state under the full faith and credit clause of the federal constitution, despite a showing that an appeal is being prosecuted from the Florida circuit court decree. See Maner v. Maner, 412 F.2d 449 (5th Cir.1969). Thus, until stayed by an appropriate order, the circuit court’s decision that respondents enjoy no franchise rights with ITEC is final. The agency’s action here, without explanation or basis in law, denied petitioners the benefit of the final order.they had already obtained.
We also determine that review of final agency action would not suffice in this case. Despite prevailing in the circuit court, Ward is not free to engage in the sales and servicing of- International trucks until DHSMV issues a final order. In the meantime, ITEC has no distributor for its products in the Tallahassee area, and Ward is- delayed - and frustrated in its attempt to obtain a dealership license.
We have observed that economic deprivation resulting from a non-final order by a State agency may well result in an injury or loss that would “not necessarily be recoverable in the event petitioner is ultimately successful in its administrative challenge.” Nat'l Freight, Inc. v. State Dep’t of Transp., 483 So.2d 742, 743 n. 1 (Fla. 1st DCA 1986). Thus, a non-final order of the Department of Transportation refusing renewal of certain licenses was treated by this court as immediately reviewable under section 120.68(1) because “final agency action would be inadequate.” Id. at 742. Moreover, a final appeal would rarely, if ever, remedy the damage caused by an unjustified abatement. The very nature of the damage caused by the abatement here is delay, with the attendant loss of the immediate enjoyment of rights to which the challenging party would otherwise be entitled.
At oral argument, counsel for respondents seemed- to suggest that perhaps the circuit court action did not resolve all issues pending between the parties. We can find nothing in the appendices filed by the parties before this court that would support such a conclusion. In her order, the ALJ quoted from each of the parties’ *376 pleadings to show agreement that the decision in the circuit- court case would control the outcome of the administrative actions. These assertions were primarily unopposed, because they were offered in support of an abatement of the administrative actions pending the circuit court decision. Respondent Capital asserted that the circuit court action “is pending and will determine whether the dealer [Capital] is, in fact, entitled under Florida law to recognition as the authorized dealer for International vehicles in Tallahassee.” According to documents filed by both sides in the administrative action, the DHSMV proceeding was brought in an “abundance of caution.” Although not expressly stated, the AL J’s relinquishment of jurisdiction to DHSMV for “appropriate disposition” could only be reasonably interpreted as a recommendation that the matter was, in fact, over and that the agency would resolve the matter favorably to petitioners.
For the reasons ■ stated herein, we QUASH the Order Abating Action and RE1\ÍAND the case- to DHSMV for proceedings consistent with this opinion.
BARFIELD and HAWKES, JJ., concur.