897 So.2d 493 (2005)
Daniel Campbell DAUBE, Jr., M.D., Petitioner,
v.
DEPARTMENT OF HEALTH, Respondent.
No. 1D05-0251.
District Court of Appeal of Florida, First District.
February 22, 2005.
*494 John W. Black, Tallahassee; Lisa Shearer Nelson of Holtzman, Equels, Tallahassee, for petitioner.
William Large, General Counsel, and Dana Baird, Assistant General Counsel, Department of Health, Tallahassee, for respondent.

ON MOTION FOR STAY
PER CURIAM.
Petitioner filed a motion to stay a Department of Health (DOH) emergency order which suspended his license to practice medicine. We granted relief by an unpublished order and now issue this opinion to explain our ruling.
The emergency order alleged that instead of using BOTOX(R) in wrinkle reduction procedures, petitioner used an unapproved product without the consent of his patients. When petitioner became aware of media reports of the danger of the unapproved product, he immediately ceased using the product and destroyed his remaining supply. Thereafter, DOH issued its order suspending his license to practice medicine on an emergency basis. Petitioner sought a stay of the emergency order arguing that a suspension of his license was not necessary to prevent future harm. In an emergency action against a license, section 120.60(6)(b), Florida Statutes (2004), requires that an agency take only that action necessary to protect the public interest. An emergency order issued prior to a hearing must contain facts sufficient to demonstrate immediate danger, necessity, and procedural fairness. See, e.g., Witmer v. Dep't of Bus. and Prof'l Regulation, 631 So.2d 338 (Fla. 4th DCA 1994). Such an order must be fair in two respects: the remedy must be tailored to address the harm, and the order must provide for an administrative hearing. See Premier Travel Int'l Inc. v. Dep't of Agric., 849 So.2d 1132, 1137 (Fla. 1st DCA 2003); White Const. Co. Inc. v. State, Dep't of Transp., 651 So.2d 1302, 1305 (Fla. 1st DCA 1995).
Because the agency's emergency order was broader than that "necessary to protect the public interest under the emergency procedure" as provided in section 120.60(6)(b), a more narrowly tailored emergency order is appropriate. See Kubski v. State, Dep't of Health, 840 So.2d 376 (Fla. 1st DCA 2003); Cunningham v. Agency for Health Care Admin., 677 So.2d 61 (Fla. 1st DCA 1996). We granted petitioner's motion to stay the emergency suspension order on condition that he immediately halt all use of the unapproved product and that any wrinkle reduction treatment by petitioner be limited to the use of BOTOX(®). We also authorized DOH to monitor these conditions and to set reasonable restrictions on petitioner's use of BOTOX(®). By granting the stay, *495 we are not questioning the seriousness of the allegation that petitioner used an unapproved product on patients without their consent. However, the emergency order did not allege that any of petitioner's patients were harmed or suffered an adverse outcome or injury caused by the unapproved product. Nor did DOH challenge petitioner's assertion that he had stopped using the product and destroyed his remaining supply before the emergency order issued. Under these circumstances, the complained of conduct is not likely to recur and issuance of the emergency order suspending petitioner's license was not necessary to prevent future harm. General conclusory predictions of harm are not sufficient to support the issuance of an emergency suspension order. See Florida Ass'n of Health Maint. Org. v. Dep't of Ins., 771 So.2d 1222 (Fla. 1st DCA 2000). Punishment for past behavior is properly the subject of an administrative complaint pursuant to section 120.60(5) wherein the licensee is afforded the opportunity to challenge the factual basis of the complaint through a section 120.57(1) hearing.
MOTION FOR STAY GRANTED.
ALLEN, VAN NORTWICK and PADOVANO, JJ., concur.