902 So.2d 269 (2005)
Daniel Campbell DAUBE, Jr., M.D., Petitioner,
v.
DEPARTMENT OF HEALTH, Respondent.
No. 1D05-0251.
District Court of Appeal of Florida, First District.
May 19, 2005.
Lisa Shearer Nelson of Holtzman Equels, Tallahassee; Julie Gallagher of Greenberg Traurig, P.A., Tallahassee, for Petitioner.
Dana Baird, Senior Attorney, Appellate Section, DOH Bureau of Health Care, Prosecution Services Unit, Tallahassee, for Respondent.
PER CURIAM.
Petitioner Dr. Daniel Daube petitions this Court for review of the Department of Health's emergency order issued under section 120.60(6), Florida Statutes (2004). The Department initially issued an Order of Emergency Suspension of License on January 14, 2005. Petitioner also motioned this Court for a stay of the emergency order pending review, which this Court granted in an unpublished order, *270 followed by a written opinion. Daube v. Dep't of Health, 897 So.2d 493 (Fla. 1st DCA 2005) ("Daube I"). In the opinion, this Court stated that "[b]ecause the agency's emergency order was broader than that `necessary to protect the public interest under the emergency procedure' as provided in section 120.60(6)(b), a more narrowly tailored emergency order is appropriate." Id. The Court indicated that the stay was granted on the "condition that [petitioner] immediately halt all use of the unapproved product and that any wrinkle reduction treatment by petitioner be limited to the use of BOTOX®." Id. The Department was authorized to monitor this condition and to set restrictions on petitioner's use of BOTOX. Id.
Subsequently, the Department modified the order suspending petitioner's license to conform to this Court's opinion in Daube I after this Court relinquished jurisdiction for this purpose. This second order lifted the emergency suspension of petitioner's license and instead imposed restrictions on petitioner's license, prohibiting petitioner from using any products the Food and Drug Administration has not approved for wrinkle reduction treatments. In doing so, the Department's second order largely mooted the petitioner's arguments. To the extent petitioner's arguments also pertain to the second order, we reject them without further comment.
PETITION DENIED.
DAVIS, LEWIS AND POLSTON, JJ., concur.