965 So.2d 169 (2007)
ST. MICHAEL'S ACADEMY, INC., Petitioner,
v.
The STATE of Florida, DEPARTMENT OF CHILDREN AND FAMILIES, Respondent.
No. 3D07-805.
District Court of Appeal of Florida, Third District.
August 8, 2007.
*170 James H. Greason, for petitioner.
Leslie Hinds St-Surin and Kimberly Coward, for respondent.
Before LAGOA, J., SCHWARTZ, and FLETCHER Senior Judges.
PER CURIAM.
St. Michael's Academy, a licensed child care facility, petitions this Court for review of an Emergency Order of Suspension. Because the facts alleged in the emergency order of suspension do not establish an immediate serious danger to the public health, safety or welfare, we grant the petition and quash the emergency order.[1]
I. FACTUAL AND PROCEDURAL HISTORY
The petitioner, St. Michael's Academy, Inc. ("St. Michael's"), is a licensed child care facility operating in Miami-Dade County. On March 25, 2007, the Department of Children and Families ("DCF") issued an Emergency Order of Suspension (the "order") for alleged violations of section 402.301, et seq., Florida Statutes, and Chapter 65C-22, Florida Administrative Code. St. Michael's petitioned this Court *171 for review of the order, and filed an emergency motion for stay. This Court granted the stay pending disposition of this proceeding.
In the order, DCF relied upon four separate incidents to support the suspension of St. Michael's license. First, DCF alleged that a three-year old child walked away from the center and onto the street on August 23, 2006. DCF imposed a $200 administrative fine for lack of direct supervision. St. Michael's disputed the facts surrounding this incident, and an administrative hearing was scheduled for May 7, 2007. Second, on August 31, 2006, DCF fined St. Michael's a $100 administrative fine for inadequate personnel records.
Third, on November 17, 2006, a mother alleged that her one-year old child had been bitten by another child while at St. Michael's. A doctor found marks on the child "consistent with human bites," and the police report noted "minor visible injuries." DCF imposed an administrative $1000 fine, which St. Michael's disputed. An administrative hearing was scheduled for May 7, 2007.
Finally, DCF alleged that on February 14, 2007, it discovered that St. Michael's designated representative and director, Katrina Doughty, was employed at another day-care facility in violation of section 402.305, Florida Statutes and rule 65C-22.003(8), Florida Administrative Code. DCF alleged that "[i]t is evident from the documentation and interview statements in this case that St. Michael's was intentionally operating without a credentialed director on-site and attempted to deceive the Department concerning this fact."
Based on these incidents, DCF concluded that St. Michael's continued operation was an immediate serious danger to the health, safety, and welfare of the children:
The facts and circumstances surrounding the events on August 23, 2006, and November 17, 2006, together with the Department's February 2007 discovery that the facility has been operating without a credentialed facility director and has been actively concealing that fact, and the facility's poor compliance history demonstrate an immediate and serious danger to the health, safety, and welfare of the children served by St. Michael's.
Additionally, DCF concluded that St. Michael's "has amply demonstrated that it will employ deception to evade compliance with facility minimum standards, thereby creating a serious potential for future harm. The Department does not believe that the facility will comply with any restriction or corrective action short of emergency suspension."
II. ANALYSIS
In regard to licensing, emergency action may be taken under section 120.60(6) of the Florida Statutes:
6) If the agency finds that immediate serious danger to the public health, safety, or welfare requires emergency suspension, restriction, or limitation of a license, the agency may take such action by any procedure that is fair under the circumstances if:
(a) The procedure provides at least the same procedural protection as is given by other statutes, the State Constitution, or the United States Constitution;
(b) The agency takes only that action necessary to protect the public interest under the emergency procedure; and
(c) The agency states in writing at the time of, or prior to, its action the specific facts and reasons for finding an immediate danger to the public health, safety, or welfare and its reasons for concluding that the procedure used is fair under the circumstances. The agency's findings of immediate danger, *172 necessity, and procedural fairness are judicially reviewable. Summary suspension, restriction, or limitation may be ordered, but a suspension or revocation proceeding pursuant to ss. 120.569 and 120.57 shall also be promptly instituted and acted upon.
§ 120.60(6), Fla. Stat. (2006)(emphasis added). Thus, an emergency order of suspension must be based on a finding of "immediate serious danger." Any such finding is subject to review pursuant to sections 120.60(6)(c), 120.68, Florida Statutes (2006), and Florida Rule of Appellate Procedure 9.100(c)(3).
An emergency order suspending a license must be based upon particularized facts showing that the licensee's continued operation would pose an immediate serious danger to public health, safety or welfare. Broyles v. Dep't of Health, 776 So.2d 340, 341 (Fla. 1st DCA 2001). Additionally, an emergency order suspending a license must present facts that: "i) the complained of conduct was likely to continue; ii) the order was necessary to stop the emergency; and iii) the order was sufficiently tailored to be fair." Bio-Med Plus, Inc. v. Dep't of Health, 915 So.2d 669, 672 (Fla. 1st DCA 2005). Immediacy of harm to the public need not be alleged if there are allegations of "sufficiently egregious past harm which are of a nature likely to be repeated." Id. at 673. However, "[g]eneral conclusory predictions of harm are not sufficient to support the issuance of an emergency suspension order." Daube v. Dep't of Health, 897 So.2d 493, 495 (Fla. 1st DCA 2005).
In Bio-Med, the First District Court of Appeal quashed an emergency order revoking a prescription drug distributor's license because the alleged facts did not establish immediate danger to the public health, safety or welfare as required by section 120.60(6)(b). The court found that the emergency order did not "contain a single, particularized allegation of a continuing public health or safety violation, or any allegations of harm or possible harm to any patient. The harm alleged . . . [was] general and conclusory and related to action in excess of two years old." Bio-Med, 915 So.2d at 673. The court found nothing in the emergency order to support either a "continuing or now present danger to the public health." Id. at 674.
Given the requirements of section 120.60(6), we find that the order before us fails to demonstrate that St. Michael's continuing operation poses an immediate serious danger to the public health, safety or welfare. First, the allegations concerning the August 23, 2006, incident do not identify particularized facts demonstrating an immediate danger. The emergency suspension order states that "the precise facts of this incident are not clear," and no injuries are alleged in this incident. DCF imposed a fine, and St. Michael's has requested a hearing. Regarding the November 17, 2006 incident, while the order alleges that a child was "severely bitten" at St. Michael's, the order also states that the child only had "minor visible injuries" that were "consistent with human bites." The order notes "conflicting statements" from the staff at St. Michael's regarding the alleged incident. A fine was imposed and a hearing is pending. The factual allegations of this incident are contradictory and conclusory, and do not support a finding of an immediate serious danger. Moreover, the order does not present facts that the conduct complained of in both incidents was likely to continue.
Finally, the "factual" allegations surrounding the lack of a credentialed director are statements that "St. Michael's was intentionally operating without a credentialed director on-site and attempted to deceive the Department concerning this *173 fact." While the order finds that St. Michaels' has "amply demonstrated that it will employ deception to evade compliance with facility minimum standards" which creates a "serious potential for future harm," it contains no facts to support such allegations of intentional and deceitful conduct. Moreover, these allegations are merely speculative as to general unspecified future harm to the children at St. Michael's.
This Court is not persuaded by conclusory predictions of future harm based on factual allegations which do not demonstrate an immediate danger. The Court also notes that the time gap between a number of the incidents and the order undercuts the immediacy of the alleged danger. Accordingly, the petition for review is granted, and the Emergency Order of Suspension is quashed.
Petition granted.
NOTES
[1] This Court has jurisdiction to review a non-final agency action pursuant to Rule 9.100(c)(3), Florida Rules of Appellate Procedure, and section 120.68, Florida Statutes (2006).