995 So.2d 1168 (2008)
Douglas J. MACHIELA, O.D., Petitioner,
v.
STATE of Florida, DEPARTMENT OF HEALTH, BOARD OF OPTOMETRY, Respondent.
No. 4D08-3387.
District Court of Appeal of Florida, Fourth District.
December 10, 2008.
*1169 Brian Russell of Peterson Bernard, West Palm Beach, for petitioner.
Charlyne "Khai" Patterson, Tallahassee, for respondent.
KLEIN, J.
Dr. Machiela is an optometrist who pled guilty to indecent exposure, as a result of being charged with exposing himself to two children. He appeals an emergency order restricting him to seeing patients over the age of eighteen. We have jurisdiction under rule 9.100(c)(3) and section 120.60(6), Florida Statutes.
Dr. Machiela was arrested and charged with indecent exposure for exposing his genitals to minor females, during eye examinations in October and November, 2006. Both victims were students who had been referred to Dr. Machiela through the Palm Beach County Health Care District. The first female stated that after Dr. Machiela removed the eye examination equipment from her eyes, she observed that his zipper was down and his penis was exposed. The second incident, involving a different minor female, was similar. When Dr. Machiela was interviewed by a police officer, he stated that he could not recall his zipper being down in front of anyone but acknowledged that "it could have happened."
After pleading guilty to one count of indecent exposure, a first degree misdemeanor under section 800.03, Florida Statutes (2006), he was given twelve months probation, fifty hours of community service, required to submit to a psychological sexual evaluation and assessed court costs.
The department charged Dr. Machiela with violating section 456.063(1), Florida Statutes, which provides:

*1170 Sexual misconduct in the practice of a health care profession means violation of the professional relationship through which the health care practitioner uses such relationship to engage or attempt to engage the patient or client, or an immediate family member, guardian, or representative of the patient or client in, or to induce or attempt to induce such person to engage in, verbal or physical sexual activity outside the scope of the professional practice of such health care profession. Sexual misconduct in the practice of a health care profession is prohibited.

[emphasis added].
Emergency suspension, restriction or elimination of a license is authorized by section 120.60(6), Florida Statutes, if the agency finds an "immediate serious danger to the public health, safety, or welfare." The agency is limited to action which is "necessary to protect the public" and "fair under the circumstances."
In the emergency order restricting Dr. Machiela's license, the department stated:
14. Because of his professional position, Dr. Machiela was entrusted with, and given access to, minors through the Palm Beach County Health Care District. As a licensed professional and as an adult, Dr. Machiela occupies a position of authority and trust when dealing with minor patients.
15. Dr. Machiela used his position of authority as a licensed professional and as an adult to expose his genitals and engage his minor patients or attempt to engage his minor patients or induce or attempt to induce his minor patients to engage in verbal or physical sexual activity outside the scope of the professional practice of such healthcare physician.
16. Eye examinations are often given in rooms which are dark or have closed doors in order to facilitate the exam. Dark rooms or rooms with closed doors provide Dr. Machiela with unfettered access to take advantage of minors in general, as well as those minors specifically referred by any school through the Palm Beach County Health Care District.
17. Sexual misconduct is an immediate serious danger to the public. If Dr. Machiela's license is not restricted to prohibit his practice with regards to minors, Dr. Machiela will continue to have access to vulnerable minor children.
The department ordered:
1. The license of Douglas John Machiela, O.D., license number OP2245, is immediately restricted so that he is prohibited from providing services to minor children under the age of 18.
2. A proceeding seeking the formal suspension or discipline of the license of Douglas John Machiela, O.D., to practice as a licensed optometrist will be promptly instituted and acted upon in compliance with Sections 120.60(6), 120.569 and, 120.57, Florida Statutes.
Dr. Machiela first argues that he did not violate section 456.063(1), which prohibits attempts to induce persons to engage in "verbal or physical sexual activity," and that he did not engage in "sexual misconduct." We disagree because we conclude that his actions violated both provisions. Allowing him to continue to perform eye examinations on minors without appropriate restrictions would pose an immediate serious danger, we deny his petition to the extent it asks us to quash the suspension order. Broyles v. Dep't of Health, 776 So.2d 340 (Fla. 1st DCA 2001).
However, we find merit to Dr. Machiela's secondary argument that there are less restrictive, but equally effective, *1171 means to protect the public during the pendency of the administrative proceedings. Consideration of this aspect of a suspension order is important to prevent "the disruption of Dr. [Machiela's practice] and potential harm to his patients ... if he were to ultimately prevail in the pending disciplinary proceeding." See Cunningham v. Agency for Health Care Admin., 677 So.2d 61, 61 (Fla. 1st DCA 1996).
Section 456.072(2)(c), Florida Statutes (2008) specifically authorizes the Department of Health to tailor restrictions "necessary for the protection of the public health, safety, and welfare." Those restrictions include, but are not limited to, "restricting the licensee from practicing in certain settings, [and] restricting the licensee to work only under designated conditions or in certain settings...." Dr. Machiela suggests, and we agree, that there are alternative restrictions that will protect the public during the pendency of these administrative proceedings without amounting to a full suspension of his license. One alternative would be to require the presence of a parent, legal guardian or other adult to be present during examinations of minor children under the age of 18. We therefore grant the petition as it relates to the scope of the restrictions placed on Dr. Machiela's practice and remand the case for consideration and crafting of more tailored restrictions.
SHAHOOD and MAY, JJ., concur.