KAHN, J.
 

 Petitioner, Dr. Stephen L. Kaplan, seeks review of an emergency suspension order (ESO), suspending his medical license, entered by the respondent, State of Florida, Department .of Health. Such an ESO is subject to the exacting standards of section 120.60(6), Florida Statutes (2009). Under this statute, the Department may take only “that action necessary to protect the public interest under the emergency procedure .... ” § 120.60(6)(b), Fla. Stat. (2009). Moreover, the review of such an order is limited to the face of the order itself, and the order must disclose “the specific facts and reasons for finding an immediate danger to the public health, safety, or welfare and [the Department’s] reasons for concluding that the procedure used is fair under the circumstances.” § 120.60(6)(c), Fla. Stat. (2009).
 

 Many cases have construed the dictates of the statute. First, and obvious from the wording of the statute, “every element necessary to its validity must appear on the face of the order.”
 
 Witmer v. Dep’t of Bus. and Prof'l Regulation,
 
 631 So.2d 338, 341 (Fla. 4th DCA 1994). The reviewing court must focus not simply on charges of statutory violations, but instead, upon “particularized facts which demonstrate an immediate danger to the public.”
 
 Crudele v. Nelson,
 
 698 So.2d 879, 880 (Fla. 1st DCA 1997). The factual allegations of
 
 *21
 
 a legally sufficient emergency suspension order must demonstrate: (1) the complained of conduct is likely to continue; (2) the order is necessary to stop the emergency; and (3) the order is sufficiently narrowly tailored to be fair.
 
 See Bio-Med Plus, Inc. v. State, Dep’t of Health,
 
 915 So.2d 669, 672 (Fla. 1st DCA 2005).
 

 The allegations in the order before us do not contain so much as a single allegation of particularized harm. Although the Department states certain conclusions, the order contains no facts showing that the conduct complained of was likely to continue, or that the order here under review is necessary to stop any emergency created by the conduct complained of. Most pointedly, and as demonstrated by petitioner, the conduct complained of involved treatment of one patient and occurred over three years before entry of the ESO. No harm to that patient, or any other patient, has been alleged by the Department.
 

 Because respondent has failed to satisfy even a most basic application of section 120.60(6), we QUASH the emergency suspension order under review.
 
 See e.g. Bio-Med Plus,
 
 915 So.2d at 669 (quashing emergency suspension order which lacked any factual allegations showing immediate danger to public health, safety, or welfare, despite pendency of a federal indictment against target of the order).
 

 HAWKES, C.J., and WEBSTER, J., concur.