CLARK, J.
Dr. Kelli A. Burton, R.N.,[1] petitions this Court for review of non-final agency action. She contends the Department of Health (the Department) exceeded its authority when it, by emergency order, suspended her license to practice nursing through summary proceedings and without a hearing. We have jurisdiction under sections 120.60(6) and 120.68(1), Florida Statutes, and Rule 9.100(c)(3), Florida Rules of Appellate Procedure. We agree with Dr. Burton and quash the Department’s emergency suspension order (ESO).
While the Department is entitled to emergently suspend a nursing license pending full proceedings, because it does so without a hearing it must meet strict requirements. See Nath v. State Dep’t of Health, 100 So.3d 1273, 1276 (Fla. 1st DCA 2012). Among those requirements, the Department must show the ESO to be necessary and narrowly tailored; i.e., “why less harsh remedies ... would have been insufficient to stop the harm alleged.” Id. (internal quotations omitted) (quoting Preferred RV, Inc. v. Dep’t of Highway Safety & Motor Vehicles, 869 So.2d 713, 714 (Fla. 1st DCA 2004)).
Here, instead, the Department chose suspension of Dr. Burton’s nursing license — without detailing why a host of other options at its disposal would be insufficient. By way of example, the Department could have ordered her to submit to drug testing if she desired to practice pending final resolution; or, it could have ordered her to have clearance from the Intervention Project for Nurses. The Department thus failed to provide for the least restrictive and narrow option available to it; the emergency suspension must therefore be quashed. See Nath, 100 So.3d at 1276 (quashing emergency suspension of acupuncturist accused of sexual misconduct with two patients; emergency order could have provided for supervised patient sessions); Machiela v. State, Dep’t of Health, Bd. of Optometry, 995 So.2d 1168, 1169 (Fla. 4th DCA 2008) (quashing emergency suspension of optometrist who pled guilty to indecent exposure, for exposing himself to minor patients during eye examinations, as optometrist entitled to *1287 “less restrictive, but equally effective, means to protect the public”; e.g., parental supervision of exams).
Ultimately, the Department may well be able to restrict, suspend, or revoke Dr. Burton’s license — after a full hearing, affording her an opportunity to be heard and defend herself against the Department’s contentions. We make no comment as to this subject. But, summary, emergency suspension pending this final resolution is different, and requires the Department meet a high burden. Bio-Med Plus, Inc. v. State, Dep’t of Health, 915 So.2d 669 (Fla. 1st DCA 2005). Here, the Department has not.
Accordingly, we GRANT the petition for review, and QUASH the Emergency Suspension Order.
VAN NORTWICK, J., concurs, and OSTERHAUS, J., dissents.

. Ms. Burton, while maintaining her license as a registered nurse, recently received her medical degree in osteopathic medicine.