IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ZANE PAUL WEBBER ,

       Petitioner,

v.

STATE OF FLORIDA, DEPT.
OF BUSINESS AND
PROFESSIONAL
REGULATION,

       Respondent.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1005

_____/

Opinion filed August 2, 2016.

An appeal from an order from the Department of Business and Professional
Regulation.
Ken Lawson, Secretary.

Daniel Villazon of Daniel Villazon, P.A., Orlando, for Petitioner.

Marisa G. Button, Chief Appellate Counsel, and Chevonne T. Christian, Assistant
General Counsel, Tallahassee, for Respondent.

PER CURIAM.

      Before us is Petitioner's "Expedited Petition for Review of Order of

Emergency Suspension of License, and Request for Attorney's Fees and Costs." We

have jurisdiction. See Art. V, §4(b)(1), Fla. Const.; § 120.68(1)(b), Fla. Stat. (2015); Fla. R. App. P. 9.100(a).

After evaluating only the face of the Order of Emergency Suspension as we must, since there was no hearing afforded Petitioner below, see Nath v. State, Department of Health, 100 So. 3d 1273, 1276 (Fla. 1st DCA 2012), we find its factual statements allegedly justifying the emergency suspension of Petitioner's license to practice as a certified public accountant to be wholly insufficient to establish that Petitioner's actions vis-a-vis the named client pose an "immediate serious danger to the public health, safety, or welfare" as required by section 120.60(6), Florida Statutes (2015). See also Bio-Med Plus, Inc. v. State, Dep't of Health, 915 So. 2d 669, 672 (Fla. 1st DCA 2005) ("Where, as here, no hearing was held prior to the entry of the emergency order, every element necessary to its validity must appear on the face of the order.") (internal quotation marks omitted). Specifically, Respondent's order lacks any "particularized" allegations of fact demonstrating an immediate danger of continuing harm. See St. Michael's Academy, Inc. v. State, Dep't of Children & Families, 965 So. 2d 169, 172 (Fla. 3d DCA 2007); see also Bio-Med Plus, 915 So. 2d at 672-73 (holding "it is not enough for the [emergency suspension order] merely to allege statutory violations," the allegations of continuing harm must be "particularized," not "general and conclusory" or related to stale actions).

2

Furthermore, the order is not "'narrowly tailored to be fair'" to Petitioner, and Respondent has not convincingly shown why less restrictive alternatives short of emergency suspension of Petitioner's license were not utilized. Nath, 100 So. 3d at 1276 (quoting Kaplan v. State, Dep't of Health, 45 So. 3d 19, 21 (Fla. 1st DCA 2010)). As we stressed in Nath:

> The summary procedure authorized by statute permits the Department to deprive licensees of a property interest prior to giving them full due process. Bearing that in mind, we have held that agencies employing the procedure must "explain why less harsh remedies . . . would have been insufficient to stop the harm alleged."

Id. (quoting Preferred RV, Inc. v. Dep't of Highway Safety & Motor Vehicles, 869 So. 2d 713, 714 (Fla. 1st DCA 2004)). Respondent's claim that it does not have sufficient options at its disposal to ensure Petitioner does not engage in the same conduct of "victimizing citizens of the State during the pendency of this action" was neither expressed in the order nor substantiated by Respondent.[*] Id.; Bio-Med Plus, 915 So. 2d at 674.

To the extent the Order of Emergency Suspension fails to demonstrate on its face an immediate and recurring threat to the public and the license suspension is

---

[*] Even more troubling is Respondent's acknowledgment in its answer brief that the allegations in its order concerning potential criminal charges to be filed against Petitioner were, in fact, a mere "scrivener's error" it did not rely upon in arriving at its ultimate decision to suspend Petitioner's license. The language in paragraph 28 of the order would belie that assertion. There it states that "the likelihood of continued illegal conduct by [Petitioner] demonstrates the immediate suspension of his CPA license is necessary to protect the public."

3

not a narrowly tailored remedy, we conclude the action taken by Respondent failed to afford Petitioner the due process protection our state and federal constitutions demand. See § 120.60(6)(a)-(c), Fla. Stat (2015). Consequently, we QUASH the Order of Emergency Suspension of License. See Kaplan, 45 So. 3d at 21 (citing Bio-Med Plus, 915 So. 2d at 669).

We also deny Petitioner's request for attorney's fees and costs. Petitioner's request should have been by separate motion. See Fla. R. App. P. 9.400(b)(2). The "'failure to file a motion for attorney's fees in accordance with Florida Rule of Appellate Procedure 9.400(b) is a proper basis for the denial of fees on appeal.'" McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 758 So. 2d 692, 696 (Fla. 4th DCA 1999) (quoting Salley v. City of St. Petersburg, 511 So. 2d 975, 977 (Fla. 1987)); see also Green v. Sun Harbor Homeowner's Ass'n, Inc., 685 So. 2d 23, 26 n.2 (Fla. 4th DCA 1997) (noting that "at the appellate level, if a party seeking appellate attorney's fees requests appellate attorney's fees in its brief, but fails to ask for attorney's fees by separate motion, that party will not be entitled to appellate attorney's fees") (emphasis added), quashed on other grounds, 730 So. 2d 1261 (Fla. 1998); ACD Corp. of Fla. v. Walker, 413 So. 2d 33, 33 (Fla. 1st DCA 1981); Melweb Signs, Inc. v. Wright, 394 So. 2d 475, 477 (Fla. 1st DCA 1981).

ROWE, KELSEY, and JAY, JJ., CONCUR.