IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JUAN FRANCISCO SANCHEZ,
R.D.H.,

      Petitioner,

v.

STATE OF FLORIDA
DEPARTMENT OF HEALTH,

      Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3751

Opinion filed August 28, 2017.

Petition to Review Non-Final Agency Action—Original Jurisdiction.

Ronald W. Chapman and Juan C. Santos of Chapman Law Group, Sarasota, for Petitioner.

Sarah Young Hodges, Chief Appellate Counsel, Department of Health, Tallahassee, for Respondent.

OSTERHAUS, J.

Juan Francisco Sanchez petitions for review of emergency agency action restricting his license to practice as a dental hygienist. We deny Mr. Sanchez's petition because the Department's order is facially sufficient.

I.

Pursuant to § 120.60(6), Florida Statutes, the Department entered an emergency order restricting Mr. Sanchez's license to practice as a dental hygienist. In the order, the Department made specific and detailed factual findings of sexual misconduct by Mr. Sanchez against five female patients during dental appointments over the span of three months of his working at a new dental hygienist job. We needn't elaborate the details of the multiple incidents here. Suffice it to say, the Department alleged that Mr. Sanchez repeatedly had violated §§ 456.072(1)(v) and 456.063(1) by committing sexual misconduct against multiple women in the course of his work as a dental hygienist; that there was a significant likelihood that Mr. Sanchez would cause harm to female patients in the future due to "his repeated and continuous disregard for the laws and regulations governing dental hygienist[s]"; and that there existed an immediate, serious danger to the health, safety, or welfare of the citizens of the State of Florida. Based upon these allegations, the Department decided that an emergency restriction was necessary and fair under the circumstances to adequately protect the public: "[n]othing short of the immediate restriction of Mr. Sanchez's license [would] protect the public from the dangers created by Mr. Sanchez's continued practice of dental hygiene on female patients." And so, it restricted Mr. Sanchez's license to practice immediately by prohibiting him from seeing female patients until a full hearing could take place in the matter.

2

## II.

Section 120.60(6) authorizes a state agency to take emergency disciplinary action against a state licensee under the following circumstances:

> If the agency finds that immediate serious danger to the public health, safety, or welfare requires emergency suspension, restriction, or limitation of a license, the agency may take such action by any procedure that is fair under the circumstances if:
>
> (a) The procedure provides at least the same procedural protection as is given by other statutes, the State Constitution, or the United States Constitution;
>
> (b) The agency takes only that action necessary to protect the public interest under the emergency procedure; and
>
> (c) The agency states in writing at the time of, or prior to, its action the specific facts and reasons for finding an immediate danger to the public health, safety, or welfare and its reasons for concluding that the procedure used is fair under the circumstances. The agency's findings of immediate danger, necessity, and procedural fairness are judicially reviewable.

On appeal, our review is limited to evaluating whether the face of an emergency order provides sufficiently detailed allegations. *Nath v. Dep't of Health*, 100 So. 3d 1273, 1276 (Fla. 1st DCA 2012).

Mr. Sanchez argues that the Department's order is insufficient on its face to justify the emergency restriction of his license. In his view, the order does not adequately state that (1) Mr. Sanchez's conduct presents an immediate danger to the public health, safety, or welfare; (2) the complained of conduct was likely to continue; or (3) the order was necessary to stop the emergency. He also argues that

3

the order was not sufficiently narrowly tailored to be fair. We disagree with his arguments and conclude that the detailed allegations in the Department's order satisfied each of these elements. We more particularly address only Mr. Sanchez's argument that the order restricting his license was not sufficiently narrowly tailored to be fair.

Many cases have construed the requirements of § 120.60(6), and among the requirements this court has applied is that emergency orders must be "sufficiently narrowly tailored to be fair.'" *Nath*, 100 So. 3d at 1276 (quoting *Kaplan v. Dep't of Health*, 45 So. 3d 19, 21 (Fla. 1st DCA 2010)). On its face, the order here doesn't assess the heaviest possible emergency sanction. The Department didn't suspend Mr. Sanchez's license altogether, but only restricted him from seeing female patients. But Mr. Sanchez asserts that the Department could have employed a more modest remedy by allowing him to continue practicing on female patients in the presence of another professional. His argument relies upon this Court's discussion in *Nath* that "agencies employing the procedure must 'explain why less harsh remedies . . . would have been insufficient to stop the harm alleged,'" *Nath*, 100 So. 3d at 1276, and resembles *Machiela v. Department of Health, Board of Optometry*, 995 So. 2d 1168 (Fla. 4th DCA 2008), where the court reversed a suspension because it determined that merely requiring a second person in the room would sufficiently protect the public (*Machiela* involved an optometrist who repeatedly exposed himself to minors during office visits). But we are satisfied in this case that the

4

Department's emergency order meets the statute's requirements. Here, the allegations are that Mr. Sanchez furtively, sometimes under the cover of a dental office bib, would touch and rub the private areas of female patients while carrying out his duties cleaning and checking their teeth. Because his alleged misconduct is readily concealable in the course of carrying out his duties, we cannot fault the Department's tailored, gender-specific restriction and conclusion that "[n]othing short of the immediate restriction of Mr. Sanchez's license to practice as a dental hygienist in the State of Florida will protect the public from the dangers created by Mr. Sanchez's continued practice of dental hygiene on female patients."

## III.

Because the Department's emergency order restricting Mr. Sanchez's license is facially sufficient, we deny the petition.

PETITION DENIED.

ROWE and WINOKUR, JJ., CONCUR.