# Third District Court of Appeal

**State of Florida**

Opinion filed October 10, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1825
Lower Tribunal No. 17-22531
_____

**Arnaldo Valls, M.D.,**
Petitioner,

vs.

**State of Florida, Department of Health,**
Respondent.

A Case of Original Jurisdiction - Petition for Review of Non-Final Agency Action.

Patino & Associates, P.A., and Ralph G. Patino, for petitioner.

Christine E. Lamia (Tallahassee), Chief Appellate Counsel, for respondent.

Before EMAS, LOGUE and LUCK, JJ.

PER CURIAM.

## INTRODUCTION

Dr. Arnaldo Valls petitions this court for review of a nonfinal agency action by the Florida Department of Health ("the Department"), which issued an Order of Emergency Restriction of License ("the Order") against Dr. Valls' license to practice as a physician performing suction-assisted lipectomy and fat transfer in the State of Florida. For the reasons that follow, we deny the petition for review.

## BACKGROUND

Below is a summary of the factual allegations relied upon by the Department, as set forth in the Order on review:

On December 4, 2017, Dr. Arnaldo Valls performed a suction-assisted lipectomy and fat transfer, a surgical procedure commonly marketed and referred to as a "Brazilian Butt Lift." The Brazilian Butt Lift is a surgical procedure in which the patient undergoes liposuction of fat from the abdominal area, which is then injected into the gluteal area. Dr. Valls removed fat from the patient's abdomen and then turned the patient over to begin the transfer of fat to her gluteal area. As Dr. Valls was injecting fat into the patient's gluteal area, the patient's oxygen levels fell. Dr. Valls and the surgical team turned the patient over, began CPR and called emergency medical services. Miami-Dade Fire Rescue responded and transported the patient to the hospital. However, the patient could not be resuscitated and was pronounced dead.

2

Ten days later, an autopsy was performed on the patient. The medical examiner determined that the cause of death was fat embolism associated with liposuction and fat transfer. The medical examiner discovered the presence of fat emboli in the heart and lungs, and a hemorrhage of the right inferior gluteal vessel.

The Department thereafter requested Dr. Christopher Salgado, M.D., to conduct a review of this matter. Dr. Salgado is a board certified plastic surgeon with expertise in liposuction with fat transfer to the gluteal region. Based upon his review of the case (which included a review of the autopsy report and Dr. Valls' curriculum vitae), Dr. Salgado opined, *inter alia*:

● Dr. Valls' treatment of the patient fell below the minimum standard of care;

● Dr. Valls' treatment fell below the standard of care because he injected fat into the deeper plane rather than the superficial plane. In doing so, Dr. Valls injected fat into the inferior gluteal vein, which then traveled to the lungs, causing immediate cardiac arrest;

● Dr. Valls received training in general surgery but not in plastic and reconstructive surgery. General surgical training does not include training in liposuction for fat injection;

● Dr. Valls did not receive sufficient training to be able to perform this procedure;

● Dr. Valls practiced outside the scope of his training when he performed this procedure on the patient;

3

● A reasonable physician with Dr. Valls' training and experience would not have performed this procedure.

Relying upon the autopsy findings and the expert review conducted by Dr. Salgado, the Order concluded that Dr. Valls' treatment of the patient failed to meet the minimum standard of care, resulting in a significant medical emergency and, ultimately, the death of the patient. The Department further concluded that, because Dr. Valls practiced outside the scope of his training in performing this procedure, the danger caused by Dr. Valls' continued unrestricted practice of suction-assisted lipectomy and fat transfer is likely to continue, posing an immediate serious danger to public health, safety or welfare.

On August 8, 2018, the Department issued the Order, signed by the State Surgeon General, which included the above-described allegations, findings of fact and conclusions of law. The Order restricted Dr. Valls' license to practice as a physician by prohibiting him from performing suction-assisted lipectomy and fat transfer in the State of Florida, pending a full administrative proceeding, concluding that any lesser restriction would be insufficient to stop the harm and protect the public from the immediate serious danger posed by Dr. Valls' continued unrestricted practice as a medical doctor.

**DISCUSSION**

Section 458.331(1)(v), Florida Statutes (2017), subjects a physician to discipline, including license restriction, for practicing beyond the scope permitted by law or accepting and performing professional responsibilities which the physician knows or has reason to know he or she is not competent to perform.

Section 120.60(6), Florida Statutes (2017) authorizes the Department to take emergency action to restrict a physician's license under the following circumstances and with the following safeguards in place:

> (6) If the agency finds that immediate serious danger to the public health, safety, or welfare requires emergency suspension, restriction, or limitation of a license, the agency may take such action by any procedure that is fair under the circumstances if:
>
> (a) The procedure provides at least the same procedural protection as is given by other statutes, the State Constitution, or the United States Constitution;
>
> (b) The agency takes only that action necessary to protect the public interest under the emergency procedure; and
>
> (c) The agency states in writing at the time of, or prior to, its action the specific facts and reasons for finding an immediate danger to the public health, safety, or welfare and its reasons for concluding that the procedure used is fair under the circumstances. The agency's findings of immediate danger, necessity, and procedural fairness are judicially reviewable. Summary suspension, restriction, or limitation may be ordered, but a suspension or revocation proceeding pursuant to ss. 120.569 and 120.57 shall also be promptly instituted and acted upon.

Where such an order of emergency restriction has been issued by the Department, the licensee may seek immediate review of that nonfinal agency action by a petition for review filed with an appellate court. § 120.60(6)(c), Fla. Stat. (2018); § 120.68(1)-(2), Fla. Stat. (2018); Fla. R. App. P. 9.100(c)(3).

Where, as here, the order of emergency restriction is issued prior to a hearing, our review is limited to the four corners of the order itself, and every element necessary to its validity must appear on the face of the order. Nath v. Dep't of Health, 100 So. 3d 1273, 1276 (Fla. 1st DCA 2012); Bio-Med Plus, Inc. v. Dep't of Health, 915 So. 2d 669, 673 n. 3 (Fla. 1st DCA 2005); Witmer v. Dep't of Bus. and Prof'l Reg., 631 So. 2d 338, 341 (Fla. 4th DCA 1994). The factual allegations in the order of emergency restriction must show the complained of conduct is likely to continue, the order is necessary to halt the emergency, and the order is sufficiently narrowly tailored to be fair. Kaplan v. Dep't of Health, 45 So. 3d 19, 21 (Fla. 1st DCA 2010); Bio-Med Plus, 915 So. 2d at 672.

We deny the petition for review of this nonfinal agency action, and hold that, on its face, the specific and detailed nine-page Order of Emergency Restriction amply demonstrates that Dr. Valls' continued performing of suction-assisted lipectomy and fat transfer would present an immediate, serious danger to public health, safety or welfare, and that this conduct is likely to continue in the absence of the Order. Robin Hood Group, Inc. v. Fla. Office of Ins. Reg., 885 So.

2d 393, 396 (Fla. 4th DCA 2004); <u>Broyles v. Dep't of Health</u>, 776 So. 2d 340, 341 (Fla. 1st DCA 2001).  We further hold that the Order is narrowly tailored to be fair, as it does not prohibit Dr. Valls from performing all plastic surgery or all surgery in general; rather it restricts Dr. Valls' license by specifically prohibiting him from performing suction-assisted lipectomy and fat transfer. <u>See</u> <u>Nath</u>, 100 So. 3d at 1276; <u>Sanchez v. Dep't of Health</u>, 225 So. 3d 964 (Fla. 1st DCA 2017).

Petition denied.